```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------x
                                :
                                :
UNITED STATES OF AMERICA        :
                                :
                                :         03 cr 801(KMW)
            v.                  :         Order
                                :
                                :
MICHAEL DIGGINS                 :
                                :
                                :
-------------------------------x
```

WOOD, U.S.D.J.:

By motion dated March 20, 2008, Defendant moves for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), in light of the recent amendments to the crack-cocaine Sentencing Guidelines. These amendments reduced the base offense level applicable to certain cocaine base ("crack") offenses.[1] For the reasons stated below, the Court requests additional submissions from the Government and will consider Defendant's motion after April 2009.

I. Background

On August 20, 2003, Defendant pleaded guilty to (1)

---

[1] Because the Sentencing Commission authorized these amendments to be applied retroactively, the Court may, in its discretion, reduce an eligible defendant's term of imprisonment to take account of the amendments. The Court must consider the factors set forth in 18 U.S.C. § 3553(a) and any applicable policy statements issued by the Sentencing Commission. See 18 U.S.C. § 3582(c)(2); U.S.S.G. §1B1.10.

1

possession and distribution of cocaine base ("crack") (the "drug count"); and (2) possession of a firearm in relation to a drug trafficking crime (the "firearm count"). The firearm conviction requires a mandatory minimum sentence of 60 months, to be served consecutively to the sentence imposed for the crack conviction. See 18 U.S.C. § 924(c). By Judgment dated February 13, 2004, the Court sentenced Defendant to 30 months' imprisonment on the drug count and 60 months' imprisonment on the firearm count, to be served consecutively. The Court calculated that Defendant's base offense level was 20, and that his total offense level was 17.[2] Because the Court found that Defendant had a criminal history category of III, his Guideline range was 30-37 months, to be followed by a 60-month consecutive sentence for the firearm count. At the time Defendant was sentenced, the Sentencing Guidelines were mandatory.

It is undisputed that under the amended Guidelines, Defendant's total offense level would be reduced by two levels to 15. Based on Defendant's criminal history category of III, his Guideline range would be 24-30 months, to be followed by the mandatory 60-month consecutive sentence for the firearm count. Thus, under the amended Guidelines, the lowest sentence Defendant could receive is 24 months for the drug count and 60 months for

---

[2] The Court subtracted three levels for acceptance of responsibility.

2

the firearm count, to be served consecutively.  However, Defendant argues that the Court should reduce his sentence for the drug count below 24 months, in light of <u>United States v. Booker</u>, 543 U.S. 220 (2005), and <u>Kimbrough v. United States</u>, 128 S. Ct. 558 (2007).  The Government argues that <u>Kimbrough</u> and <u>Booker</u> are inapplicable to §3582(c)(2) motions, and further argues that the Court should, in its discretion, deny Defendant any reduction at all, due to public safety considerations.

The Court concludes that it lacks power to reduce Defendant's sentence for the drug count below 24 months, which is the minimum sentence authorized by the amended Guidelines and the Sentencing Commission's § 3582(c)(2) policy statement.  <u>See</u> U.S.S.G. § 1B1.10(b)(2).  The Court requests additional submissions before it determines whether a sentence reduction is warranted in light of the public safety concerns raised by the Government.

II. <u>Application of Booker and Kimbrough to § 3582(c)(2)</u>

Under § 3582(c)(2), a district court may reduce a previously-sentenced defendant's term of imprisonment following an amendment to the Sentencing Guidelines, "after considering the factors set forth in section 3553(a) to the extent that they are applicable, <u>if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission</u>."  18 U.S.C. § 3582(c)(2) (emphasis added).  After the Sentencing

3

Commission amended the Guidelines applicable to crack offenses, it issued a policy statement authorizing courts to reduce a defendant's sentence under § 3582(c)(2) in light of these amendments.  However, the policy statement limited the extent of any reductions under § 3582(c)(2), stating, inter alia, that if a defendant's original term of imprisonment was within the Guideline range, the Court may not reduce a defendant's sentence below the amended Guideline minimum.  See U.S.S.G. § 1B1.10(b)(2).

Defendant argues that this policy statement is non-binding, in light of Booker and Kimbrough.  In Booker, the Supreme Court held that the mandatory Sentencing Guideline system violated the Sixth Amendment, and remedied this violation by making the entire Guideline system advisory.  See 543 U.S. at 245.  In Kimbrough, the Supreme Court held that it is not an abuse of discretion for a sentencing judge to conclude "that the crack/powder disparity yields a [crack] sentence [under the Guidelines that is] 'greater than necessary' to achieve § 3553(a)'s purposes, even in a mine-run case."  128 S. Ct. at 563.[3]  Defendant argues that in imposing a new sentence pursuant to § 3582(c)(2), the Court should treat the amended Guideline range as advisory and impose a

---

[3] Kimbrough abrogated Second Circuit precedent, which had held that a sentencing court could not impose a non-Guideline sentence based on a policy disagreement with the crack/powder disparity.  See United States v. Castillo, 460 F.3d 337, 361 (2d Cir. 2006).

4

non-Guideline sentence below the amended minimum range, despite the policy statement's contrary mandate.

The Court concludes that Booker and Kimbrough do not render the Sentencing Commission's policy statement advisory under § 3582(c)(2). A significant majority of the courts to consider this question have held that because § 3582(c)(2) clearly authorizes sentence reductions only as "consistent with applicable policy statements issued by the Sentencing Commission," a court is bound by any such policy statement. See, e.g., United States v. Jimenez, No. 04 Cr. 329, 2008 WL 2774450 (S.D.N.Y. July 16, 2008); Montes v. United States, Nos. 07 Civ. 9869 & 04 Cr. 242, 2008 WL 906079 (S.D.N.Y. April 3, 2008); United States v. Cruz, No. 02 Cr. 0725, 2008 WL 539216 (E.D.N.Y. Feb. 27, 2008); see also United States v. Robinson, No. 06 Cr. 34, 2008 WL 2578043 (W.D. Pa. June 26, 2008) (citing cases). But see United States v. Hicks, 472 F.3d 1167 (9th Cir. 2007); United States v. Shelby, No. 95 CR 69, 2008 WL 2622828 (N.D. Ill. June 30, 2008); United States v. Stokes, No. 98 Cr. 109, 2008 WL 938919 (M.D. Fla. Apr. 7, 2008). This majority view is persuasive.

Although Booker and Kimbrough rendered the Guidelines advisory under 18 U.S.C. § 3553, which governs the imposition of sentences, see Booker, 543 U.S. at 266-67, Booker and Kimbrough did not discuss § 3582(c)(2), which lays out the circumstances

5

under which a court may modify a sentence.  Sentence modifications under § 3582(c)(2) are not de novo, see United States v. Desdune, Nos. 97 Cr. 1115 & 97 Cr. 2120, 1997 WL 716125, at *2 (2d Cir. Nov. 17, 1997) (unpublished), and do not raise the Sixth Amendment concerns that led the Court to render the Guidelines advisory in Booker, see Cruz, 2008 WL 539216, at *5.  Thus, Booker and Kimbrough do not clearly mandate that the Sentencing Guidelines be treated as advisory for purposes of reducing a sentence under § 3582(c)(2).  Furthermore, extending Booker and Kimbrough to apply to § 3582(c)(2) sentence modifications is unwarranted, because § 3582(c)(2) reflects clear Congressional intent that the Sentencing Commission policy statement govern.

As a general rule, the Court cannot "modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); see also Quesada Mosquera v. United States, 243 F.3d 685, 687 (2d Cir. 2001).  However, Congress provided a narrow exception to this rule in cases where the Sentencing Guidelines are subsequently amended.  By its clear terms, § 3582(c)(2) "grant[s] the [Sentencing] Commission the unusual explicit power to decide whether and to what extent its amendments reducing sentences will be given retroactive effect." Braxton v. United States, 500 U.S. 344, 348 (1991); see also 18 U.S.C. § 3582(c)(2) (permitting a sentence reduction based on an amendment to the Sentencing

6

Guidelines "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission"). Furthermore, the requirements of § 3582(c)(2) are jurisdictional. See Cruz, 2008 WL 539216, at *4 (citing cases).

Thus, the Court concludes that § 3582(c)(2) reflects Congress' clear intention to delegate authority to the Sentencing Commission to determine the extent to which courts may modify sentences based on Guideline amendments. See Jimenez, 2008 WL 2774450, at *1. In light of this clear congressional intent, the Court declines to extend Booker and Kimbrough to apply to sentence modifications under § 3582(c)(2).

Accordingly, the minimum sentence for Defendant authorized by § 3582(c)(2) is 24 months' imprisonment for the drug count, plus 60 months' imprisonment for the firearm count, to be served consecutively. The Court calculates that if it grants Defendant the maximum possible reduction, the earliest he could be eligible for release is May 2009.[4]

III. Public Safety Considerations

In deciding whether, and to what extent, to modify a defendant's sentence under § 3582(c)(2), the Court must consider "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's

---

[4] This estimate assumes that Defendant is eligible for a 15 percent good-time reduction in his sentence.

term of imprisonment." U.S.S.G. § 1B1.10 Cmt. 1(B). In evaluating a defendant's dangerousness, the Court "may consider post-sentencing conduct of the defendant that occurred after imposition of the original term of imprisonment." Id.

The Government argues that reducing Defendant's sentence raises public safety concerns due to (1) the violent nature of Defendant's offense; (2) Defendant's violent criminal history; and (3) Defendant's post-sentencing conduct, which includes two sanctions for fighting.

Before evaluating Defendant's continued threat to the community, the Court requests additional information about Defendant's post-sentencing conduct. No later than March 2, 2009, the Government shall submit the following information: (1) any additional information known to the Government about Defendant's two sanctions for fighting, including any details about Defendant's role in initiating the fights and the extent of his participation; and (2) any new disciplinary incidents involving Defendant. Defendant may respond no later than March 30, 2009. After reviewing these submissions, the Court will decide whether to reduce Defendant's sentence.

SO ORDERED.

Dated: New York, New York
August 26, 2008

*/s/ Kimba M. Wood*

KIMBA M. WOOD
United States District Judge

8